15-3636-cv
*Dervishi v. Stamford Board of Education*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand sixteen.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges*,
          BRIAN M. COGAN,
                    *District Judge.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHKELQESA DERVISHI, on behalf of T.D.,
                    *Plaintiff-Appellant*,

          v.                                                      15-3636-cv

STAMFORD BOARD OF EDUCATION,
                    *Defendant-Appellee*,

CONNECTICUT STATE DEPARTMENT OF
EDUCATION,
                    *Defendant*.†
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

†       The Clerk of Court is directed to amend the caption to conform to the above.

FOR PLAINTIFF-APPELLANT:    SHKELQESA DERVISHI, *pro se*, Stamford, Connecticut.

FOR DEFENDANT-APPELLEE:    Patrick M. Fahey, Richard Duturla, Shipman & Goodwin LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Shkelqesa Dervishi, proceeding *pro se*, appeals from the district court's judgment dismissing, for lack of subject matter jurisdiction, her complaint alleging that defendant-appellee Stamford Board of Education (the "Board") denied her son a free appropriate public education ("FAPE") for the 2011-12, 2012-13, 2013-14, and 2014-15 school years in violation of the Individuals with Disabilities Education Act ("IDEA"). She also asserted claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("Rehab Act"), and 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a district court's determination that it lacked subject matter jurisdiction because the litigant failed to exhaust her administrative remedies, we review legal conclusions *de novo* and factual determinations for plain error. *Polera v. Bd.*

*of Educ.*, 288 F.3d 478, 481 (2d Cir. 2002). Here, the district court properly dismissed Dervishi's claims as unexhausted.

The IDEA requires an aggrieved party to exhaust all administrative remedies before bringing an action in federal court. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) (citing 20 U.S.C. § 1415(i)(2)(A)). A district court lacks subject matter jurisdiction if a plaintiff fails to exhaust her administrative remedies when "assert[ing] claims for relief *available* under the IDEA, regardless of the statutory basis of [her] complaint." *Id.* at 245-46 (applying IDEA exhaustion requirement to § 1983 claim); *see Polera*, 288 F.3d at 480, 488 (applying IDEA exhaustion requirement to ADA and Rehab Act claims). However, exhaustion is excused if the defendant failed to notify the plaintiff of her procedural rights under the IDEA. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 149 (2d Cir. 2002). Exhaustion is also excused under the "futility exception" if a plaintiff can show that administrative review would not have provided an adequate remedy. *Cave*, 514 F.3d at 249. The party seeking to invoke the exception bears the burden of showing futility. *Id.*

Dervishi does not contend in her principal brief that she exhausted her administrative remedies. Instead, she argues that the district court should have excused her failure to exhaust because the Board did not notify her of her procedural rights under the IDEA and an administrative proceeding would have been inadequate because any hearing officer would have been biased. Dervishi also argues that

3

exhaustion was not required for her damages claims.   Her arguments are without merit.

First, as the district court reasoned, the record shows that the Board gave Dervishi

sufficient notice of her procedural rights under the IDEA.   Second, the record does not

suggest that administrative review would have been unfair or biased and Dervishi

presents no compelling arguments suggesting otherwise.   Finally, the IDEA exhaustion

requirement applies to claims seeking monetary damages.   *See Polera*, 288 F.3d at 486-88.

For these reasons, we conclude that the district court did not err in dismissing Dervishi's

claims.

We have considered Dervishi's remaining arguments and find them to be

without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4